UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHNNIE L. WARNER AND MARY WARNER, )
)
    Plaintiffs, )
)
vs. )   Case No. 4:05CV664MLM
)
DILLARD'S, INC., THE ESTEE LAUDER )
COMPANIES, INC., ESTEE LAUDER, INC., )
and ESTEE LAUDER SERVICES, INC., )
    Defendants. )

## **MEMORANDUM OPINION**

This matter is before the court on Plaintiffs' Motion to Vacate Order Dismissing Complaint, or in the Alternative, to Amend or Alter Judgment Order to Dismissal Without Prejudice. [Doc. 16] Dillard's Inc. ("Dillard's") opposes the Motion. [Doc. 18] Plaintiffs replied. [Doc. 19]

Plaintiffs filed their Complaint on April 26, 2005. On September 13, 2005 this court filed an Order to Show Cause because the three Estee Lauder defendants had not been served. Plaintiffs did not respond to the Show Cause Order. On October 17, 2005 defendant Dillard's filed a Motion to Dismiss for Failure to Prosecute. [Doc. 12, 13] Plaintiffs did not respond to the Motion. A hearing on the Motion was scheduled on October 28, 2005. Court records show that all counsel received electronic notice of the hearing. Defendant Dillard's appeared by counsel. Counsel for plaintiffs failed to appear. Defendant Dillard's pointed out in detail in their Memorandum in Support of the Motion and at the time of the hearing that plaintiffs not only failed to serve the three Estee Lauder defendants but failed to comply with discovery in any meaningful way. The court granted the Motion to Dismiss for Failure to Prosecute with Prejudice citing Fed.R.Civ.P. 41(b) and 37(d).

    Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> **(I)f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion, or upon its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.**
> **Although Rule 4(m) provides for dismissal without prejudice, Rule 41(b) provides:**

> **(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or failure to join a party under Rule 19, operates as an adjudication on the merits.

It is clear that Rule 41(b) permits a court to dismiss an action upon the failure of a plaintiff to comply with the Federal Rules, any order of the court or a party's failure to prosecute the action in any meaningful way. See Luney v. SGS Automotive Services, Inc., 2005 WL 3534149 (8th Cir. (Mo)) (plaintiff's failure to file proposed scheduling order pursuant to earlier court order and failure to show cause justified dismissal on the merits). As defendant Dillard's sets out in its opposition to plaintiffs' Motion to Vacate, the Supreme Court states in Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962):

> The authority of a federal court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts...The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

The court finds that because plaintiffs' counsel both failed to prosecute and to comply with orders of this court, the dismissal with prejudice of the Estee Lauder defendants was proper under the law. Fed.R.Civ.P. 4(m), 41(b) and the inherent authority of the court.

In addition, Rule 37(d) provides in pertinent part:

If a party...fails...(to) serve answers or objections to an interrogatory submitted under Rule 33, after proper service of the interrogatories, ...the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this Rule.[1]

---

[1] Rule 37(b)(2)(C) authorizes "an order striking out pleadings or parts thereof or staying further proceedings until the order is obeyed or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

**The court finds that because plaintiffs' counsel refused to comply in a meaningful manner with defendant Dillard's properly served interrogatories and requests for production, failed to respond to Dillard's Motion to Dismiss for failure to do so and failed to attend the hearing, that the dismissal with prejudice of plaintiffs' case against Dillard's was proper under the law. Fed.R.Civ.P. 37(d).**

**Original counsel for plaintiffs engaged co-counsel to file the instant Motion to Vacate the Court's Order to Dismiss the Complaint, or in the Alternative, to Amend or Alter the Judgment Order to Dismiss Without Prejudice. In this Motion, co-counsel states numerous so-called excuses for plaintiffs' original counsel's behavior: 1.) the press of other business and to changes in his staff; 2.) this was the first case in counsel's office in which notices and filings were received by electronic mail;[2] 3.) counsel's only computer in his law office or home is the one at his secretary's work station; 4.) it had been counsel's practice to have his secretary handle any email communications and to bring to his attention any matters of importance; 5.) after October 14, 2005 plaintiffs' counsel had a new secretary who was inexperienced in legal procedures; and 6.) plaintiffs' counsel did not read his email carefully. Co-counsel also states that plaintiffs have prepared amended Answers to Dillard's interrogatories and are preparing requests for medical reports from the physicians who treated plaintiff Johnnie Warner.**

---

[2] The court's electronic case management program began October 14, 2003. The Office of the Clerk of this Court provides on-going training and assistance to attorneys in electronic case filing procedures. Members of the Clerk's Office staff are available daily to answer questions and provide assistance to attorneys if problems are encountered.

Although co-counsel does not state in his motion the rule under which plaintiffs move to vacate or any case law in support[3], the court believes the motion is properly considered under Rule 60(b)(1) which provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;...

Co-counsel attaches to his Reply an affidavit by original counsel setting out many of the same reasons enumerated in the Motion. The cases in the Eighth Circuit are numerous and unequivocal that "an attorney's ignorance or carelessness does not constitute excusable neglect." United States v. Puig, 419 F.3d 700, 702 (8th Cir. 2005), quoting Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997); Noah v. Bond Cold Storage, 408 F.3d 1043, 1044 (8th Cir. 2005) (failure to comply with scheduling order, failure to respond to show cause order and "busy schedule" of attorney insufficient as excusable neglect under Rule 60(b)(1)); Bennett v. Dr. Pepper/7Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002) (disregard of Federal Rules of Civil Procedure by educated and reasonably articulate *pro se* litigant cannot evoke the extraordinary relief from judgment under Rule 60(b)(1)); United States v. 40 Acres of Land, 221 F.3d 1344 (8th Cir. 2000) (unpublished) (relief under Rule 60(b)(1)'s excusable neglect provision is quite limited and should only be granted upon an adequate showing of exceptional circumstances; counsel cannot obtain relief by pointing to his carelessness or negligence).

The court finds that the actions and inactions of original counsel for plaintiffs was not "excusable neglect" and, as stated above, the dismissal with prejudice of Dillard's was proper under the law.

---

[3] In co-counsel's Reply he urges the court to reconsider its Order of Dismissal under Rule 59(e) rather than Rule 60(b)(1) because of the court's "misapprehension of both the facts and the law." Plaintiffs' Reply at 4. The court misapprehended neither; however, the court need not discuss whether Rule 59(e) or Rule 60(b) is the appropriate rule under which to analyze plaintiffs' Motion to Amend the Order of Dismissal. As set out below, the result is the same under either analysis.

Nevertheless, the persons prejudiced in this instance are plaintiffs Johnnie L. Warner and Mary Warner. The court believes that the interest of justice mandates that as much as possible plaintiffs not be penalized by counsel's representation. Dismissal with prejudice of plaintiffs' case is within the authority and discretion of the court. Omaha Indian Tribe v. Tract I - Blackbird Bend Area, 933 F.2d 1462, 2468 (8th Cir. 1991). The court must balance "the degree of egregious conduct which prompted the order of dismissal and to a lesser extent...the adverse impact of such conduct upon both the defendant and the administration of justice in the District Court." Id. The court must consider whether the party whose action caused the dismissal willfully refused to comply with court orders. Id. This "implies a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance." Id. After reviewing the record as a whole and considering fully the prejudice to defendants if the motion is granted and the prejudice to plaintiffs if it is denied, the court finds that the order dismissing with prejudice should be amended to an order dismissing without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Vacate Order Dismissing Complaint is **DENIED**. [Doc. 16-1]

**IT IS FURTHER ORDERED** that plaintiffs' Alternative Motion to Amend or Alter Judgment Order to Dismissal Without Prejudice is **GRANTED**. [Doc. 16-2]

**IT IS FURTHER ORDERED** that this court's Order dated October 31, 2005 is **AMENDED** to reflect that this case is **DISMISSED** in its entirety **WITHOUT PREJUDICE**.

/s/Mary Ann L. Medler  
MARY ANN L. MEDLER  
UNITED STATES MAGISTRATE JUDGE

Dated this   5th   day of January, 2006.